**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER SALOMON FLORES TOSTA,
*individually and on behalf of others similarly situated*,

*Plaintiffs*,

-against-

JOSEPH ROMA & SONS CONSTRUCTION, INC.,
JOHN ROMA, AND JOSEPH ROMA,

*Defendants*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2022

1:20-cv-06710-NSR

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff WALTER SALOMON FLORES TOSTA ("Plaintiff") on the one hand, and Defendants JOSEPH ROMA & SONS CONSTRUCTION, INC., JOHN ROMA, AND JOSEPH ROMA ("Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted as the ("Parties.").

**WHEREAS**, Plaintiff alleges that he was previously employed by Defendants;

**WHEREAS**, a dispute ensued between Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned *Flores Tosta et al v. Joseph Roma & Sons Construction Inc. et al*; No: 1:20-cv-06710-NSR (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws, including but not limited to all laws asserted by Plaintiff in the Litigation;

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff's counsel, subject to the terms and conditions of this Agreement, the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"), as follows:

   (a) <u>Installment 1</u>: One check, payable within 60 days of Court approval of this Agreement, in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00) made payable to "CSM Legal, P.C."

1

(b) The Installment Payment in paragraphs 1(a) shall be delivered to Plaintiff's counsel via first-class US mail, CSM Legal, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165 and shall be deemed received on the first business day following first-class mailing.

(c) Subject to the Notice of Default provisions of Paragraph 6 below, failure of Defendants to timely pay all of the Settlement Amount in the manner prescribed in subparagraph 1(a) shall render all Defendants in default with respect to this Agreement. Similarly, and subject to the Notice of Default provisions of Paragraph 6 below, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

2. **Release and Covenant Not To Sue**: Plaintiff and Defendants hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue each other, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, attorneys, legal representatives and managers, with respect to any and all wage and hour allegations and/or claims which putatively arose during the time frame that was the subject of the Litigation, including but not limited to any allegations and/or claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York City Administrative Code and/or any other New York State and/or federal statute, regulation, or ordinance governing or otherwise addressing employment issues. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). The parties hold each other harmless from any and all known claims, and liabilities of any kind that they have, had or claimed to have against each other relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the last day of signature of the Agreement.

3. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Confidentiality:** Plaintiff agrees to keep strictly confidential any and all alleged events that were the basis for, or related to, their allegations in the Action or any other alleged wrongdoing by Defendants or Releasees during their employment with Defendants. Plaintiff also agrees to keep the existence of this Agreement strictly confidential, and further agrees not to disclose, make known, discuss or relay any information concerning this Agreement, or any of the discussions leading up to this Agreement or the Settlement Pay paid by Defendants in connection with this Agreement to anyone other than Plaintiff's (i) immediate family members, (ii) attorney, or (iii) financial advisors or tax preparers, all of whom, together with their employees and agents, if any, will be informed of and bound by this confidentiality provision. Plaintiff further agrees and acknowledges that neither they nor anyone acting on their behalf will disclose the underlying facts or circumstances of any and all claims they may have against Defendants or the Releasees, which may be unknown to Plaintiff as of the Effective Date of this Agreement, and Plaintiff understands the significance of doing so. It is further expressly agreed and understood that the provisions of this paragraph are material terms of this Agreement. The Parties agree that confidentiality is a

material and essential term of this Agreement, and that these confidentiality provisions shall survive and be given full force and effect separate from any invalid, unenforceable or inoperative provision of this Agreement. The Parties further agree that the other shall be entitled, upon any such breach of this Confidentiality provision, to an immediate injunction to prevent any such breach. The prevailing party shall be entitled to its reasonable costs and attorneys' fees incurred in any action seeking to enforce this Confidentiality provision.

5. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

6. **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. **Default:** In the event of Default, as defined in Paragraph 1(c) above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement provided that no such court intervention shall be sought until ten business days elapse following the giving of notice, in accordance with and as defined in Paragraph 8 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

8. **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 7, shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiff:**

Jarret Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Joseph Vozza, Esq.
933 Mamaroneck Avenue, Suite 103
Mamaroneck, New York 10543
Email: joevozza@vozzaesq.com

9. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the

3

Southern District of New York and the New York County Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the New York County Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

10. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal, P.C. Plaintiff acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in his native languages and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS**

_____  Date: 22/09/22
WALTER SALOMON FLORES TOSTA

**INDIVIDUAL DEFENDANTS**

_____  Date: 9/27/2022
JOHN ROMA

4

## CORPORATE DEFENDANTS

**JOSEPH ROMA & SONS CONSTRUCTION, INC.**

(signature)　　　　　　　　　　　　　　　Date: 9/27/2022

Name (Print): John Roma　　　　Title: President

STATE OF NEW YORK　)
　　　　　　　　　　　ss.:
COUNTY OF Westchester )

On the 27 day of September, 2022, before me, the undersigned, a Notary Public in and for the State personally appeared John Roma, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that (s)he executed same in his or her capacity and by that his or her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

Notary Public

[Notary Seal: JOSEPH VOZZA, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Westchester County, 5007885, MY COMMISSION EXPIRES 02-08-20]

The Clerk of Court is directed to terminate the motion at ECF No. 43.

November 4, 2022
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE